VILLAGE OF OSSINING POLICE ASSOCIATION, by Alvin Brideau, Its President, Appellant, v VILLAGE OF OSSINING, Respondent.

Second Department, March 24, 1975

*John R. Harold (Benedict D. Emanuele* of counsel), for petitioner.

*Hugh A. Lavery, Jr.,* for respondent.

BRENNAN, J. The facts are not in dispute. On March 17, 1971, the Village of Ossining Police Association (Association) and the Village of Ossining (Village) entered into a collective bargaining agreement pursuant to section 200 *et seq.* of the Civil Service Law (the Taylor Law). Section 2 of article XIV of the agreement provides for a salary increment of $10 per year per credit point retroactively up to a maximum of 50 credit points for courses completed by police officers in police science or administration which have been approved by the Board of Trustees.

Several police officers completed their studies in approved courses and the Village commenced paying salary increments as specified in the agreement. However, these payments were terminated by the Village Manager, effective October 16, 1971, after the State Comptroller rendered an opinion in which he concluded that the contract provision in question was prohibited. The Association thereupon filed a grievance. The arbitrator appointed pursuant to the collective bargaining agreement determined that the Village was obligated, under the terms of the agreement, to pay the increments.

The Association subsequently commenced this proceeding to confirm the award and the Village cross-petitioned to vacate the award. The only ground urged by the Village was that it was bound by the opinion of the Comptroller of the State of New York that it would have been illegal for it to have made the payments specified in the agreement.

Section 199-j of the former Village Law provided that the

employment of police in Westchester County was governed by the provisions of article 7-A of that law. Section 199-bb thereof provided that "the annual salary and compensation of the members of such police force shall be uniform in accordance with their rank and grade". The Village was advised by the Comptroller that under the authority of *Matter of Teachers Assn., Cent. High School Dist. No. 3 (Board of Educ., Cent. High School Dist. No. 3, Nassau County)* (34 AD2d 351, 355) section 199-bb was "an express legislative restriction which prevents the village from paying salary increases for college credits earned by the village policemen. Section 199-bb clearly indicates that all village policemen in the same rank and grade must receive the same salary."

The Special Term agreed with the Comptroller's opinion and dismissed the petition upon the ground that payment of salary increments was contrary to law and would subject the Village Trustees to the consequences of an unlawful act. On appeal, the Association urges that section 199-bb of the former Village Law was not a legislative restriction which expressly prohibited collective bargaining as to a particular term or condition of employment, and that, even if it was, the provision in question did not violate that prohibition, since all police officers receive equal treatment under the agreement.

We need not analyze whether section 199-bb of the former Village Law was an express legislative prohibition upon the broad power of this public employer to negotiate with its employees as to all terms and conditions of employment *(Board of Educ. of Union Free School Dist. No. 3 of Town of Huntington v Associated Teachers of Huntington,* 30 NY2d 122, 130). We conclude that section 2 of article XIV of the collective bargaining agreement is not violative of section 199-bb, as that section merely provided that salary and compensation be "uniform" in accordance with rank and grade. Thus, section 199-bb did not mandate identical salaries for all police officers of the same rank and grade and it may not be concluded that, under the statute, salaries must be the same. Each police officer in Ossining has an equal opportunity to obtain salary increments based upon the successful completion of approved courses. As long as equal opportunity is available, salaries are uniform and the policy expressed by the Legislature has been fulfilled.

Accordingly, the judgment should be reversed, on the law,

without costs, and the application to confirm the arbitration award should be granted and the cross petition denied.

COHALAN, Acting P. J., CHRIST, MUNDER and SHAPIRO, JJ., concur.

Judgment of the Supreme Court, Westchester County, dated December 4, 1972, reversed, with $20 costs and disbursements, on the law, petition granted, award confirmed and cross petition dismissed.